**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KERRY IRENE HOLYOAK,**

      **Plaintiff,**

**v.**                    **Case No: 6:25-cv-1175-PGB-RMN**

**CITIBANK N.A. and DOES 1-10,**

      **Defendants.**

_____/

**<u>ORDER</u>**

This cause comes before the Court upon the following filings:

1. Defendant Citibank N.A.'s ("**Defendant**") Second Motion to Compel Arbitration and Stay Proceedings (Doc. 22 (the "**Motion**"));

2. *Pro se* Plaintiff Kerry Irene Holyoak's ("**Plaintiff**") Response in Opposition to the Motion (Doc. 26);

3. Defendant's Reply to the Response in Opposition to the Motion (Doc. 42);

4. Magistrate Judge Robert M. Norway's Report and Recommendation (Doc. 43 (the "**Report**"));

5. Plaintiff's Objection to the Report (Doc. 44 (the "**Objection**")); and

6. Defendant's Response in Opposition to the Objection (Doc. 45 (the "**Response**")).

Upon consideration, the Court overrules the Objection, adopts the Report, grants the Motion, compels the parties to proceed to arbitration, and stays the case pending arbitration.

## I.    BACKGROUND

In the Report, Magistrate Judge Norway details the procedural and factual background relevant to the Motion. (*See* Doc. 43, pp. 2–3). Accordingly, the Court adopts and incorporates the background section of the Report as if set forth fully herein. (*Id.*).

On April 14, 2026, Magistrate Judge Norway submitted a Report recommending that the Court grant the Motion. (*Id.* at p. 9). Plaintiff objected to the Report on April 15, 2026. (Doc. 44). In her Objection, Plaintiff asserts that Defendant "lacks Article III standing, contractual standing, and statutory standing to enforce any arbitration clause." (*Id.* at p. 2). Plaintiff bases this argument on an alternative characterization of the business of banking. (*See, e.g.*, *Id.* at pp. 2–3 (claiming that "banks do not 'loan' their own money" and as a result, "[u]nder UCC Article 3-602(a) . . . [the debt] obligation is discharged[.]" (cleaned up))). Essentially, the gravamen of Plaintiff's Objection rests on the supposition that, because banks securitize credit card debt, the bank issuing the credit card cannot enforce the contract creating the relationship between bank and consumer. (*See*

*generally id.*). As a result, Plaintiff argues that the Defendant bank cannot enforce the arbitration clause associated with the credit card at issue. (*Id.*).

## II.   LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512–13 (11th Cir. 1990). However, when the parties object to the findings and recommendations, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted).

## III.   DISCUSSION

Plaintiff's Objection to the Report does not present a sufficient basis for the Court to reject the Report. Foremost, Plaintiff cites to sparse legal authority. (*See generally* Doc. 44). While the Court conducted its own *de novo* review, the Court cannot identify any court that has adopted Plaintiff's theory. Regardless, when a national bank, like Defendant, securitizes its accounts receivable, it retains ownership of the underlying account and remains as the contractual counterparty. Thus, the bank retains the ability to enforce contractual provisions, including

3

arbitration agreements. *See Peterson v. Chase Card Funding, LLC*, No. 19-CV-00741-LJV-JJM, 2020 WL 5628935, at *2 (W.D.N.Y. Sept. 21, 2020) (reasoning that a bank that "sells all current and future receivables (including interest payments) generated by its credit card loan accounts to a non-bank entity" but "retains the right to change various terms and conditions of the credit card accounts" maintains a possessory interest in the accounts); *see also Cohen v. Cap. One Funding, LLC*, 489 F. Supp. 3d 33, 41 (E.D.N.Y. 2020) (finding that because the bank "retains authority to modify the terms and provisions of the credit card accounts, including the interest rate charged to borrowers" the bank retained ability to enforce contractual provisions.). Like the banks in *Peterson* and *Cohen*, Defendant retained the authority to "modify the terms and provisions of the credit card accounts, including the interest rate charged to borrowers." *Cohen*, 489 F. Supp. 3d at 41; (Doc. 1-1, p. 3 ("Citibank may change the rates, fees and terms of the agreement from time to time as permitted by law.")).

Accordingly, Plaintiff's objections to the Report are without merit, and as such, the Report is due to be adopted.

## IV.  CONCLUSION

For the reasons set forth herein, it is **ORDERED AND ADJUDGED** as follows:

1.  Magistrate Judge Robert M. Norway's Report and Recommendation (Doc. 43), filed on April 14, 2026, is **ADOPTED** and **CONFIRMED** and made a part of this Order.

4

2. Defendant Citibank N.A.'s Second Motion to Compel Arbitration and Stay Proceedings (Doc. 22) is **GRANTED**.

3. Plaintiff's Objection (Doc. 44) is **OVERRULED**.

4. The Court **COMPELS** the parties to proceed to arbitration.

5. The case is hereby **STAYED** pending the parties' arbitration.

6. The Clerk is **DIRECTED** to administratively close the file. The parties are DIRECTED to file joint status reports every ninety (90) days hereafter regarding the status of arbitration.

**DONE AND ORDERED** in Orlando, Florida on May 6, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

5